IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVA COOLEY**                                                                                   **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 2:20-cv-5-KS-MTP**

**FORREST COUNTY SHERIFF'S DEPARTMENT, ET AL.**          **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Discovery [35]. On January 14, 2020, Plaintiff filed this action. On May 14, 2020, Defendants Sheriff Billy McGee and Joshua Dobbs filed a Motion for Judgment on the Pleadings [22], asserting that they are entitled to qualified immunity from Plaintiff's federal claims. Additionally, Defendants Sheriff McGee, Dobbs, Forrest County Sheriff's Department, and Forrest County Board of Supervisors filed a Motion for Judgment on the Pleadings [24], arguing that Plaintiff's state-law claims should be dismissed because Plaintiff failed to state a claim and because they are barred by the Mississippi Tort Claims Act.

Defendants Sheriff McGee and Dobbs also filed a Motion for Stay [26], seeking a stay of this action. On May 18, 2020, the Court granted the Motion [26] and stayed all discovery and disclosure requirements pursuant to L.U. Civ. R. 16(b)(3)(B).[1]

---

[1] Local Rule 16(b)(3)(B) provides as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

1

On June 22, 2020, Plaintiff filed a Response [32] to the Motions for Judgment on the Pleadings [22] [24].  The Court has not yet ruled on these Motions [22] [24].  On July 13, 2020, however, Plaintiff filed the instant Motion [35], requesting specific discovery from the Defendants.[2]  Plaintiff asserts that she may seek this discovery "under the authority of . . . Rule 9.04, URCCC, Rule 6, Rule 56(d), Rule 12 of the Mississippi Code and Article Section 10 of the Mississippi Constitution and the Fourth Amendments, Eight Amendments, Fifth Amendments, Six Amendments, and Article 39.14 Tex Code Crim Proc. Ann."

These rules and constitutional amendments are inapplicable here.  Discovery is stayed, the Court has not yet ruled on the Motions for Judgment on the Pleadings [22] [24], and Plaintiff has failed to demonstrate that discovery is necessary for the Court to properly consider the Motions [22] [24].  Fed. R. Civ. P. 12(c) authorizes a motion for judgment on the pleadings.  For these Motions [22] [24], "the inquiry focuses on the allegations in the pleadings and not whether plaintiff actually has sufficient evidence to proceed on the merits.  Because the court is directed to look solely at the allegations on the face of the pleadings, discovery would not assist the Plaintiff[] in defending the 12(c) motion." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Discovery [35] is DENIED.

SO ORDERED this the 11th day of August, 2020.

                                           s/Michael T. Parker
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] On July 27, 2020, Defendants Sheriff McGee, Dobbs, Forrest County Sheriff's Department, and Forrest County Board of Supervisors filed a Motion to Strike [37], requesting that the Court strike Plaintiff's Motion [35].  For purpose of this Order, the Court will consider Defendants' Motion [37] as a response to Plaintiff's Motion [35].