**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**EVA S. COOLEY**                                                                                  **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO.: 2:20-cv-5-KS-MTP**

**FORREST COUNTY SHERIFF'S**
**DEPARTMENT, ET AL.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on the Motion for Judgment on the Pleadings as to State Law Claims filed by Defendants, Forrest County Sheriff's Department, Sheriff Billy McGee, Forrest County Board of Supervisors, and Joshua Dobbs [24]. Plaintiff has responded,[1] and these Defendants have filed a reply. [32], [33]. Having reviewed the parties' submissions and the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds that the motion will be granted in part and denied in part.

**I. BACKGROUND**

This matter arises out of an August 21, 2018 traffic stop in Forrest County, Mississippi by Deputy Joshua Dobbs, which resulted in Plaintiff's arrest. [1] at ¶¶ 1, 4.[2] Taking all facts alleged in Plaintiff's Complaint as true,[3] Plaintiff has alleged the following substantive facts in a Statement of Facts set forth in her Complaint:

> I was traveling on Broadway Drive, in Hattiesburg, Ms when Deputy (Badge #F95) and I pulled up at a traffic light. After I pulled off from the traffic light he pulled me over and accused me of running the light and taunting him. I did not

---
[1] Plaintiff filed another response on July 22, 2020 [36], which is not authorized under Local Uniform Civil Rule 7, and the Court did not grant leave to file any additional response. Notwithstanding, having reviewed the additional response, the Court finds that it offers no new, substantive legal arguments; thus, the Court does not find its consideration warranted in resolving the instant motion.
[2] In the original Complaint, Plaintiff refers only to a "Deputy Badge #F95;" however, through clarification in a motion for leave to amend, the Court granted Plaintiff's request to reflect that Deputy Badge #F95 is Defendant Joshua Dobbs. *See* Motion at CM/ECF Doc. No. [7] and the Court's Order [8].
[3] The Court will "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

> know where any of this was coming from. A City of Hattiesburg Police Officer stopped at the scene. I was ultimately arrested rather than just being given a citation and taken to the Forrest County Jail. Due to my medical conditions and the stressful situation, I passed out and became non-responsive. AAA Ambulance was called to the jail and I was handled in a rough and unprofessional manner by the EMT, including him sitting upon my chest. I sustained injuries to my writs, arms, legs, and chest, and was emotionally and mentally scarred.  All of this incident occurred on Broadway Drive and the Forrest County Jail in Hattiesburg, Forrest County, Mississippi.

[1] at §V. B ([sic] all in original).

Plaintiff sued all of the Defendants on a host of theories, some of which were cognizable causes of action and some of which were not. In the process of determining Plaintiff's ability to proceed in forma pauperis, the Magistrate Judge assigned to this case ordered Plaintiff to clarify some claims. [5]. Based on Plaintiff's response to the Court [6][4], the original Complaint [1], and Plaintiff's motion for leave to amend [7], the Court determined that Plaintiff's state law claims against Deputy Dobbs are for (1) false arrest; (2) malicious prosecution[5]; (3) assault and battery; and (4) intentional and negligent infliction of emotional distress and that the claims against the Forrest County Sheriff's Department, the Forrest County Board of Supervisors, and Sheriff McGee are for vicarious liability and failure to train, arising from the actions of Deputy Dobbs. *See* Court's Order [8] at p. 2.[6] In her Complaint and response to this motion, Plaintiff states that she is suing Deputy Dobbs and Sheriff McGee in both their official and individual capacities. [1] at pp. 1-2; [32] at p. 20.

These Defendants move for judgment on the pleadings, seeking dismissal of Plaintiff's state law claims on a number of grounds to be addressed herein. Plaintiff, in her response to the

---

[4] This Doc. No. [6] will be referred to as "Plaintiff's Clarification Response."
[5] Defendants refer to the claim as "malicious harassment—97-41-21." [24] at ¶ 3. However, that is not the claim stated in the Order [8], and Mississippi Code § 97-41-21 deals with harassment of guide, leader, hearing, service or support dogs, which is wholly inapplicable in this case.
[6] The Complaint and summons were served along with the Court's Order [8] and Plaintiff's response [6]. *See* [8] at p. 4 ¶ 5; thus, these articulated claims are now the operative claims, as Defendants have addressed in their motion. Plaintiff has never taken issue with the Court's interpretation.

instant motion, fails to specifically address any of the substantive arguments regarding these state law claims. Notwithstanding, the Court must determine whether the Defendants' grounds and arguments are sufficient such that judgment on the pleadings is indeed proper. The Court will first address the grounds for dismissal of the governmental entities and then those of the individuals, first in their individual capacities and then in their official capacities.

## II. DISCUSSION

### A. Legal Standard

Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court applies the same standard for dismissal to Rule 12(c) motions that is applied to motions to dismiss for failure to state a claim under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 210, 209-210 (5th Cir. 2010); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To survive dismissal, Plaintiff's Complaint and Clarification Response must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court will "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). However, the Court is not obligated to accept threadbare recitals of the elements of the cause of action, and legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 678-79.

### B. Analysis

As mentioned above, the Court's analysis will begin with the claims against the entities,

the Forrest County Sheriff's Department and the Forrest County Board of Supervisors. The Court will then address the claims against the individuals.

### 1. Claims Against the Entities

The claims against the Forrest County Sheriff's Department and the Forrest County Board of Supervisors are for vicarious liability and for a failure to train. Plaintiff's Clarification Response appears to base these claims both on state law and federal law. *See* [6] at p. 2. While this motion addresses only the state law claims, the Defendants recognized that Plaintiff had sued these entities under federal law as well but deferred to the argument posed herein. *See* [22] at p. 7 n. 2. Regardless of whether the claims are brought under state or federal law, the outcome is the same because, as these two Defendant entities argue, they are not parties capable of being sued.

The capacity for an entity to be sued is determined according to state law. *See* Fed. R. Civ. P. 17(b)(3); *Crull v. City of New Braunfels*, 267 Fed. App'x 338, 341 (5th Cir. 2008). First, as to the Forrest County Sheriff's Department, it has been long settled under Mississippi law that a sheriff's department is not a separate "political subdivision" under the MTCA[7] capable of being sued. *See Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (holding as an issue of first impression that sheriff's departments are not political subdivisions within the meaning of the MTCA); *Mieger v. Pearl River Co.*, 986 So. 2d 1025, 1026 (Miss. Ct. App. 2008); *D.M., individually & as next friend of two minor children, N.M. & A.M. v. Forrest County Sheriff's Dep't*, No. 2:20-CV-48, 2020 WL 4873486, at *8 (S.D. Miss. Aug. 19, 2020). This Court has also previously dismissed sheriff's departments even when federal claims are involved. *See Ivey v. McLendon,* No. 4:06-cv-38, 2006 WL 980782, at *1 (S.D. Miss. Apr. 12, 2006) (dismissing Section 1983 claim against a county sheriff's department because the department is an extension of the county rather than separate legal entity that may be named as a party in an action); *Bradley*

4

*ex rel. Wrongful Death Beneficiaries of Bradley v. City of Jackson*, No. CIVA 3:08-cv-261, 2008 WL 2381517, at *2 (S.D. Miss. June 5, 2008) (dismissing federal claim against Hinds County Sheriff's Department for same reasons). Thus, Plaintiff is unable to state any claim upon which relief can be granted against the Forrest County Sheriff's Department. Therefore, all claims against this Defendant will be dismissed with prejudice, and it shall be terminated as a party.

Second, and similarly, as to the Forrest County Board of Supervisors, it is also not a political subdivision, but rather a governing authority for a political subdivision, namely Forrest County, Mississippi. *See* Miss. Code Ann. § 17-1-1; Miss. Code. Ann. § 31-7-1 (defining governing authority as boards of supervisors; Miss. Code Ann. § 17-13-5(b) ("'Governing authority' shall mean the board of supervisors of any county"). Mississippi law is likewise clear that a "board of supervisors" has no legal existence, or capacity to be sued, separate from the County. *See Brown*, 927 So. 2d at 733; *see also Hearn v. Bd. of Supervisors of Hinds County*, 575 Fed. App'x 239, 243 (5th Cir. 2014) (affirming dismissal of state tort claims against the Hinds County Board of Supervisors). This lack of capacity applies to any federal claims as well. *Cf. Hammond v. Shepherd,* No. 3:05-cv-398, 2006 WL 1329507 (S.D. Miss. May 11, 2006) (concluding, in part, that the plaintiff could not maintain an action against the Pike County Board of Supervisors because it is but an extension of the county, rather than a separate legal entity that may be named as a party in a § 1983 action). Thus, Plaintiff is unable to state a claim upon which relief can be granted against the Forrest County Board of Supervisors. Therefore, all claims against this Defendant will be dismissed with prejudice, and it shall be terminated as a party.

### 2. Claims Against the Individuals

Sheriff McGee and Deputy Dobbs argue that Plaintiff brought the state law claims against them in their individual capacities. However, contrary to Defendant's assertion,

---

[7] For the MTCA's definition of "political subdivision," see Mississippi Code § 11-46-1(i).

Plaintiff's Complaint states that she is suing them in *both* their individual and official capacities, with no differentiation as to federal and state law claims. As such, the Court must deal with the state law claims against each Defendant in both capacities. We begin with the individual capacity claims.

### a. Individual Capacity Claims

#### i. Deputy Dobbs

The Mississippi Tort Claims Act ("MTCA") codified the common-law sovereign immunity of Mississippi and its political subdivisions, but it waived sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." Miss. Code Ann. § 11-46-5(1). Employees, either of Mississippi or of its political subdivisions, cannot be held personally liable under state law for "acts or omissions occurring within the course and scope of [their] duties." Miss. Code Ann. § 11-46-7(2). However, the MTCA provides that government employees "shall not be considered as acting within the course and scope of [their] employment . . . for any conduct" constituting "fraud, malice, libel, slander, defamation or any criminal offense." *Id*.; *see also* Miss. Code Ann. § 11-46-5(2). "Malice in law is not necessarily personal hate or ill will, but it is the intent, without justification or excuse, to commit a wrongful act." *Harmon v. Regions Bank*, 961 So. 2d 693, 699 (Miss. 2007) (quotation marks omitted).

Deputy Dobbs argues that each and every action and inaction about which Plaintiff complains arises from his duties as a Deputy of Forrest County, and thus, to the extent Deputy Dobbs was acting within the scope of his employment, these claims must be dismissed. However, the Court finds the analysis is not so simple.

Plaintiff's state law claims against Deputy Dobbs include false arrest; assault and battery; intentional infliction of emotional distress; negligent infliction of emotional distress; and

6

malicious prosecution. "Under Section 11–46–5(2), torts in which malice is an essential element are not within the course and scope of employment. Thus, these intentional torts are outside the scope of the MTCA's waiver of immunity, and the MTCA does not apply. Rather, any legal action against a governmental employee for these intentional torts must necessarily proceed against him or her as an individual." *Univ. of Mississippi Med. Ctr. v. Oliver*, 235 So. 3d 75, 82 (Miss. 2017) (internal quotations omitted).

The Court finds that only the negligent infliction of emotional distress claim is barred against Deputy Dobbs under the MTCA's immunity because the others fall outside of its scope due to their either containing the element of malice or being a criminal offense. First, "[f]alse arrest is an intentional tort, arising when one causes another to be arrested falsely, unlawfully, *maliciously* and without probable cause." *City of Mound Bayou v. Johnson,* 562 So. 2d 1212, 1218 (Miss. 1990) (emphasis added). Second, "[m]alice is an essential element of malicious prosecution." *Oliver*, 235 So. 3d at 82. Third, intentional infliction of emotional distress can be predicated on behavior that is "*malicious*, intentional, willful, wanton, grossly careless, indifferent or reckless." *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011) (quoting *Summers ex rel. Dawson v. St. Andrew's Episcopal Sch., Inc.*, 759 So. 2d 1203, 1211 (¶ 34) (Miss. 2000)) (emphasis added). Thus, to the extent Plaintiff's intentional infliction of emotional distress claim is predicated on malicious conduct, the claim would be outside the scope of the MTCA. Finally, assault and battery are criminal offenses that fall outside of the MTCA. *Cf. Kirk v. Crump*, 886 So. 2d 741, 746 (Miss. Ct. App. 2004) (finding assault to be a a criminal offense which action is outside the scope and course of employment and beyond the protection of the MTCA).

Notwithstanding, Deputy Dobbs argues that regardless of any lack of MTCA protection, the Plaintiff's claims are barred by the statute of limitations. The Court agrees that under

Mississippi law each of these claims is subject to a one-year statute of limitation. Mississippi Code section 15-1-35 states that claims for assault and battery "shall be commenced within one (1) year next after the cause of such action accrued, and not after." In addition, the Mississippi Supreme Court has held that since the tort of intentional infliction of emotional distress is "of like kind or classification" as the torts enumerated in Section 15-1-35, it also has a one-year statute of limitation. *See Jones v. Fluor Daniel Svcs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010). Further, Plaintiff's claim for false arrest accrued on the day the arrest occurred and is subject to the one-year statute of limitation, as is the malicious prosecution claim.[8] *See City of Mound Bayou,* 562 So. 2d at 1218.

In this case, Plaintiff alleges that all of the events giving rise to her claims occurred on April 21, 2018. As such, the above-mentioned claims were barred after April 21, 2019. Plaintiff did not bring her action until January 14, 2020. Therefore, all of the claims that fall outside of the MTCA are barred by the statute of limitation. As such, all of Plaintiff's state law claims against Deputy Dobbs in his individual capacity will be dismissed with prejudice.

### ii. Sheriff McGee

Plaintiff's claims against Sheriff McGee are for vicarious liability and failure to train. Again, Plaintiff has not specified as to whether these claims are exclusively under federal law or

---

[8] As to the malicious prosecution claim, the elements of such a claim include: (1) institution of a criminal proceeding; (2) by, or at the insistence of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the institution of the proceedings; (6) the suffering of injury or damage as a result of the prosecution. *Parker v. Mississippi Game & Fish Comm'n*, 555 So. 2d 725, 728 (Miss. 1989). While Magistrate Judge Parker was generous in his reading of the original Complaint to find that such a claim was included against Deputy Dobbs, upon further review and in light of the Court's consideration of this motion for judgment on the pleadings, the Court finds that Plaintiff has failed to state a plausible claim under a Rule 12(b)(6) standard. However, the Mississippi Supreme Court explained that with such a claim, "a plaintiff must prove only 'institution of a criminal proceeding' by or at the insistence of the defendant," and that "criminal proceedings are instituted when a person is formally arrested and charged with an offense." *See City of Mound Bayou*, 562 So. 2d at 1219. The Court goes on to observe that there are a number of cases where a viable action for malicious prosecution was recognized, even though the defendant did little to the plaintiff beyond having him or her arrested. *Id*. Consequently and alternatively, to the extent plaintiff did state a viable claim for malicious prosecution by virtue of the arrest on April 21, 2018, the claim is time barred for failing to bring the claim within one year.

state law. To the extent they arise under federal law, the Court has addressed those in its prior Order [46]. To the extent the claims are brought under state law, we start with Plaintiff's claim for failure to train.

Plaintiff's claim for failure to train is subject to the MTCA because "any tort claim filed against a governmental entity or its employee shall be brought only under the MTCA." *Conrod v. Holder*, 825 So. 2d 16, 19 (Miss. 2002) (quoting *Duncan v. Chamblee*, 757 So. 2d 946, 949 (Miss.1999). Sheriff McGee argues that the claims are subject to immunity because such act or omission would have been committed within the course and scope of his employment, for which he bears no personal liability. *See* Miss. Code Ann. §11-46-7(2).

The MTCA creates a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." *Holloway v. Lamar Cty.,* No. 2:15-CV-86, 2015 WL 9094531, at *2 (S.D. Miss. Dec. 16, 2015) (citing Miss. Code Ann. § 11-46-5(3)). Plaintiff has not rebutted such presumption with any of the allegations in her Complaint or her Clarification Response. There is nothing to indicate that any allegedly negligent, or even complete failure at, training occurred outside the course and scope of Sheriff McGee's employment. Therefore, the state law claim for failure to train against Sheriff McGee in his individual capacity will be dismissed.

As for a state law vicarious liability claim against Sheriff McGee in his individual capacity, Plaintiff claims that Sheriff McGee is "responsible for the officers or deputies that is [sic] under his command." [6] a p. 2. Sheriff McGee does not address, nor does he seek dismissal of, the claim for vicarious liability under state law, and so such claim will remain pending.[9]

---

[9] Mississippi law provides that "[A]ll sheriffs shall be liable for the acts of their deputies, and for money collected by them." Miss. Code Ann. § 19-25-19. Courts have held that this liability is personal in nature. *See Dennis v. Warren*, 779 F.2d 245, 248 (5th Cir. 1985); *Barrett v. Miller*, 599 So. 2d 559, 566 (Miss. 1992). Because the state law claim for vicarious liability has not been fully briefed, the Court is not certain as to what defenses are available on such a claim. Accordingly, the dismissal is denied without prejudice to refiling any applicable dispositive motion.

### b. Official Capacity Claims

Plaintiff also sued Deputy Dobbs and Sheriff McGee in their official capacities, which is in essence, as Plaintiff acknowledges,[10] a suit against the municipal corporation, i.e., Forrest County, Mississippi. However, to the extent the false arrest, malicious prosecution, assault and battery, and intentional infliction of emotional distress claims against Deputy Dobbs are barred by the statute of limitations, that bar protects the County as well. *See City of Mound Bayou*, 562 So. 2d at 1216. Also, those same claims, which fall outside of the scope of his employment, fail in his official capacity because the governmental entity cannot be held liable under the MTCA. *See* Miss. Code Ann. § 11-46-7(2).

The only remaining state law claim against Deputy Dobbs in his official capacity that remains pending is the negligent infliction of emotional distress claim. Plaintiff has not alleged that the events giving rise to this claim occurred outside the scope of Deputy Dobb's employment. Likewise, with regard to the official capacity claims against Sheriff McGee, Plaintiff does not allege that he acted outside the scope of his employment but that he "should have his officers or deputies trained in a professional way." To the extent these are official capacity claims, Plaintiff has not named Forrest County as a defendant, and thus dismissal is warranted. *See Conrod*, 825 So. 2d at 19.

In *Conrad*, the plaintiff had named only the sheriff and a deputy as defendants, not Sunflower County, and the plaintiff had alleged not that the sheriff acted outside the course of his duties, but that he was negligent in not having properly trained personnel. *Id*. The Mississippi

---

[10] [32] at p. 20.

Supreme Court held that Section 11-46-7(2)[11] of the MTCA requires that in actions in which a money judgment is sought against governmental entity, the governmental entity must be named as a defendant. *Id.* (citing *Mallery v. Taylor*, 805 So. 2d 613, 622 (Miss. Ct. App. 2002) and affirming summary judgment). Therefore, the state law claims against Deputy Dobbs and the failure to train claim against Sheriff McGee in their official capacities are hereby dismissed without prejudice.[12]

Having now disposed of all of the claims against the moving Defendants, the Court need not address the other arguments that Defendants set forth in their briefing.

## III.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Motion for Judgment on the pleadings is GRANTED as follows:

1) all claims against the Forrest County Sheriff's Department and the Forrest County Board of Supervisors are dismissed with prejudice, and they shall be terminated as defendants in this action;

2) all state law claims against Deputy Dobbs in his individual capacity are dismissed with prejudice;

3) the state law claims of false arrest, malicious prosecution, assault and battery, and intentional infliction of emotional distress against Deputy Dobbs in his official capacity are dismissed with prejudice;

---

[11] "An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable . . . ." Miss. Code Ann. § 11-46-7(1). The Supreme Court noted that it "has been consistent in rejecting the viability of claims against public employees where their political subdivision employer has been eliminated as a defendant." *Conrod*, 825 So. 2d at 19 (quoting *Cotton v. Paschall*, 782 So. 2d 1215, 1218 (Miss. 2001)).

[12] Sheriff McGee also did not address any vicarious liability claim against him in his official capacity. Thus, to the extent such a claim exists, it remains pending.

4) the state law claim of negligent infliction of emotional distress against Deputy Dobbs in his official capacity is dismissed without prejudice;

5) the state law claim for failure to train against Sheriff McGee in his individual capacity is dismissed with prejudice;

6) the state law claim for vicarious liability against Sheriff McGee in his individual and official capacities remains pending;

7) the state law claim for failure to train against Sheriff McGee in his official capacity is dismissed without prejudice;

SO ORDERED AND ADJUDGED this 31st day of August 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE